IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 1:23-cr-154 (RDA) |
| | ) |
| MARIA ESPERANSA SALGADO, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Maria Esperansa Salgado's *pro se* Motion to Reduce Sentence, pursuant to recent amendments to the Sentencing Guidelines under Part A of Amendment 821. Dkt. 26. Having considering Defendant's Motion together with the Government's Opposition (Dkt. 29), this Court DENIES the Motion for the reasons that follow.

### I. BACKGROUND

The facts here are appropriately drawn from the Statement of Facts to which Defendant admitted during his plea colloquy and the Presentence Investigation Report (the "PSR") adopted by the Court at sentencing. Dkt. Nos. 7 (the "SOF"); 17 (the "PSR"); 24 (the "J&C").

From at least around August 2012 through at least around April 2019, in the Eastern District of Virginia and elsewhere, Defendant did knowingly and intentionally execute a scheme and artifice to defraud a financial institution and obtain any of the moneys, funds, credits, assets, securities, or other property owned by or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises, in violation of 18 U.S.C. § 1344. Dkt. 77 at 1. On September 19, 2023, a criminal information was filed charging Defendant with one count of bank fraud. Dkt. 17 at 3. On October 25, 2023, Defendant pled guilty

to the criminal information, and on March 27, 2024, was sentenced to 24 months' imprisonment followed by three years of supervised release. *Id.*; Dkt. 24 at 2-3.

Defendant filed a motion for a reduction in sentence *pro se* on September 9, 2024. Dkt. 26. In her pending Motion, Defendant seeks a reduction of her sentence based on the 821 Amendments. *Id.* at 1. On November 4, 2024, the Government filed its opposition to the Motion. Dkt. 29.

### III. ANALYSIS

Defendant seeks a sentence reduction pursuant to Amendment 821 of the Sentencing Guidelines based on having been a zero-point offender. Dkt. 26 at 1-1. But Defendant's criminal offense sustained substantial financial hardship on the victims,a nd Defendant was given an adjustment for her aggravated role. Dkt. 27 at 1. Although Defendant has zero criminal history points, pursuant to USSG § 4C1.1(a)(6) and (10), Defendant is not entitled to a reduction as a zero-point offender where the Defendant's offense caused substantial financial hardship on the victim(s).[1] Accordingly, Defendant's Motion, Dkt. 26, premised on Amendment 821, will be denied.

### IV. CONCLUSION

In sum, Defendant is ineligible for a reduction in sentence pursuant to USSG §§ 4C1.1(6) and (10).

---

[1] At sentencing, Defendant properly received an enhancement for causing a substantial financial hardship pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(iii). Dkt. 22.

Accordingly, it is hereby **ORDERED** that Defendant's Motion (Dkt. 26) is **DENIED**.

The Clerk is directed to forward copies of this Order to counsel of record, the U.S. Marshals Service, the Federal Bureau of Prisons, and the U.S. Probation Office.

It is SO ORDERED.

Alexandria, Virginia
January 8, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge